UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 2018-cv-61393-MGC

KALAYANA SINGAMALA,

    Plaintiff,

vs.

NATARAJ ADKIKE,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR REMAND AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, KALAYANA SINGAMALA, requests the Court to remand the instant matter back to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, and states as follows:

1. As conceded by Defendant, Plaintiff filed an action ("State Court Action") against Defendant on June 5, 2017 [D.E. 1, Para. 1] to recover damages for fraud based upon a transaction whereby Defendant induced Plaintiff to wire him money (which Plaintiff did) and then Defendant failed to repay the debt. A copy of the state court complaint is attached hereto as Exhibit "A." The Notice of Removal was filed more than a year later, on June 20, 2018.

2. A Default Final Judgment was entered by Hon. Michael Robinson on October 12, 2017. A copy of the State Court Final Judgment is attached hereto as Exhibit "B."

3. Defendant, in response to a motion for order to show cause (for failing to comply with the State Court Final Judgment) filed a Response and Objections to Plaintiff's Amended Motion for Order to Show Cause on or about January 31, 2018. A copy of the motion is attached

hereto as Exhibit "C." Defendant then filed a Motion to Appear Telephonically (attached hereto as Exhibit "D") and participated in a hearing, resulting in an order on Plaintiff's Motion for Order to Show Cause. A copy of the order is attached hereto as Exhibit "E."

4. As a preliminary matter, it has long been held that the removal statutes must be strictly construed with all doubts resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). "A district court is required to "'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Florida, Inc.*, 258 F.Supp.3d 1323 (S.D. Fla. 2017)(*quoting Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013)(*quoting Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

4. 28 U.S.C. § 1446 governs the procedure for the removal of state court matters to the federal courts. 28 U.S.C. § 1446(b)(1) states as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. The defendant was served with the Summons and Complaint on July 17, 2017 by completing substitute service[1] upon Defendant's wife. A copy of the Verified Return of Service is attached hereto as Exhibit "F." This service was proper pursuant to § 48.194(1), Fla. Stat., which

---

[1] Fla. Stat. § 48.031(1)(a) provides that "Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents."

provides, in part, "Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served."

6. Thus, given that service was achieved on July 17, 2017, Defendant had until August 16, 2017 within which to remove the State Court Action to this Court. Having failed to timely do so, the Court must remand this case back to the state court.

7. Separately, pursuant to 28 U.S.C. § 1446(c), "a case may not be removed based on diversity jurisdiction more than one year after commencement of the action, absent a finding that the plaintiff acted in bad faith to prevent removal." *Davis v. Clayman*, 2018 WL 1959805 (M.D. Fla. April 26, 2018). This case was removed on June 20, 2018 but Defendant conceded that the State Court Action was filed on June 5, 2017. As a result, consistent with 28 U.S.C. § 1446(c) and *Davis*, the Court must remand the State Court Action on the basis that Defendant failed to timely initiate the removal of this case to this Court. Given the fact that Defendant participated in the State Court Action, there are no set of facts where Defendant can claim that Plaintiff acted in bad faith to prevent removal.

8. Further, although removal was barred for procedural reasons, Defendant waived the right to removal by participating in the State Court Action. A defendant can waive the right to removal by litigating the case upon the merits. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244 (11th Cir. 2004). The determination of "waiver" is determined on a case-by-case basis. *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F.Supp.2d 1353 (M.D. Fla. 1999). Here, not only did Defendant file the Response and Objections to Plaintiff's Amended Motion for Order to Show Cause, Defendant participated in the hearing on Plaintiff's Motion for Order to Show Cause. Given the failure to timely remove the action, in conjunction with the

participation in the State Court Action both by filing a response and objections, and attending a hearing (thereby seeking to litigate the case upon the merits), Defendant defensively acted in the State Court Action thereby waiving removal.

WHEREFORE, for the foregoing reasons, Plaintiff requests the Court to remand the instant matter back to the 17th Judicial Circuit in and for Broward County, Florida and to grant Plaintiff any other relief the Court deems just, equitable and proper.

**CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE MOTION**

Undersigned counsel has made reasonable efforts to confer with all parties in this motion, via email on June 26, 2018 at 3:00 p.m. (without a response), but has been unable to do so.

/s/ Brad E. Kelsky
BRAD E. KELSKY, ESQ.
Kelsky Law, P.A.
1250 S. Pine Island Road
Suite 250
Plantation, FL 33324
954.449.1400
Fax: 954.449.8986
bradkelsky@kelskylaw.com
FBN: 0059307

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 2nd day of July 2018 to:

Nataraj Adike
781 Nuttal Oak Court
Sunnyvale, CA 94086

/s/ Brad E. Kelsky
BRAD E. KELSKY